**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DION ANDERSON, | No. 15-16720 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00378-AWI-DLB |
| v. | |
| M. KIMBRELL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted July 26, 2016[**]

Before:      SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Dion Anderson appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an access-to-courts claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Anderson's action because Anderson failed to allege facts sufficient to show that he suffered actual injury with respect to contemplated or existing litigation. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (access-to-courts claim requires showing of actual injury, which means prejudice to direct appeals of criminal convictions, habeas petitions, or challenges to conditions of confinement); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-16720